JEROME T. HIGGINBOTHAM *vs.* RUTH G. YOUNG.
CATHERINE F. HIGGINBOTHAM, *p. a.* *vs.* SAME.
ELIZABETH H. HIGGINBOTHAM *vs.* SAME.
JULY 27, 1937.
PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

2

CAPOTOSTO, J. These are actions of trespass on the case for negligence. The principal case is that of Catherine F. Higginbotham, a minor, who sues, by her father as next friend, to recover damages for alleged injuries received by her in a collision between two automobiles at the intersection of Smith street and Dyer avenue, in East Providence, on January 11, 1935.

Jerome T. Higginbotham, the father, sues for losses and expenses incurred by him because of his daughter's injuries, and the mother, Elizabeth H. Higginbotham, brings her action to recover compensation for damage to her automobile. The cases were tried together before a justice of the superior court sitting with a jury, and at the close of the plaintiffs' testimony he granted the defendant's motion for a nonsuit in each case. The cases are now before this court on the exception of each plaintiff to the nonsuit, and on their respective exceptions to a ruling of the trial justice striking out certain testimony during the trial.

The plaintiff Catherine F. Higginbotham was the only witness to testify at the trial in the superior court. She will therefore, hereafter be referred to by us as the plaintiff, since her testimony is controlling in all three cases. About noon on January 11, 1935, the plaintiff, who was then nineteen years old, was operating her mother's automobile in a westerly direction along Dyer avenue towards its intersection with Smith street, which runs north and south. She was alone. The defendant was driving in a northerly direction on Smith street towards this same intersection. The traveled portion of both streets, which apparently are of equal importance, is about twenty feet. The weather was clear and the road dry. On the corner of the two streets to the left of the plaintiff as she approached the intersection, there was a house some twelve feet back from the street line of Dyer avenue, a fence, and a tree inside the fence. The character and height of the fence and the size and location of the tree did not appear in evidence.

The plaintiff testified that when she was some twenty feet from the intersection she blew the horn and reduced the speed of her automobile from twenty to about twelve miles an hour; that she then looked to her left for traffic moving northerly on Smith street towards the intersection and saw none within a distance of about forty feet, which was the only view she had of Smith street from that point; that as she rolled along towards the intersection, she looked to her right and, seeing no traffic coming from that direction, she started across the intersection at a speed of about twelve to twenty miles an hour; that when the front of her automobile was some twelve feet into the intersection, or a few feet over the center line of Smith street, she again looked to her left and saw the defendant's car, somewhat on its left side of the road, about to strike the left side of her car; that the collision occurred immediately thereafter, and that the two cars, one against the other, went diagonally across the remaining part of the intersection, or about eight feet, and continued on Dyer avenue, stopping some twelve feet beyond the northwesterly corner of the intersection. The plaintiff further testified that the defendant at no time gave any warning signal. Upon this testimony the plaintiff was non-suited on the ground of her contributory negligence.

The rules of law applicable to this case have been discussed by us in our recent opinion in *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co., Inc.,* 58 R. I. 451. It is unnecessary to repeat here what we said in that case.

The plaintiff herein was driving on her own right side on a neighborhood street and was approaching an intersection with another such street, which had no superior right because of ordinance, size or known intensity of traffic. When she was about to reach the intersection she complied with all statutory requirements as to signal, control and speed. Furthermore, according to the testimony, she was entitled to the right of way because, from the observable conditions at or in the immediate vicinity of the intersection and in the absence of any notice to her to the contrary, the jury might

reasonably have found that under the circumstances she was warranted in crossing the intersection. The plaintiff testified that the defendant gave no warning signal and that at the time of the collision the front of the plaintiff's automobile was some few feet beyond the middle line of the intersection.

The only point in the plaintiff's conduct before entering the intersection, as to which there might be a difference of opinion, is whether she looked at a proper time and place for traffic coming from her left. She testified that she looked when she was twenty feet from the intersection and that she then could see a distance of forty feet southerly, or to her left, on Smith street. She saw no automobile coming from that direction and heard no warning signal, although she herself had given such a signal. Moreover, she had a right to assume that a person driving an automobile towards the intersection from her left would observe the traffic regulations that apply at street intersections.

Whether her conduct in the circumstances, when considered as a whole, was the conduct of an ordinarily prudent person may be open to different conclusions. This court has consistently held that a verdict should not be directed in favor of a defendant if upon any reasonable view of the testimony the plaintiff is entitled to recover. This rule is equally, if not with greater force, applicable in the case of a nonsuit. In the instant case, we cannot say that the only proper inference to be drawn from the plaintiff's testimony is that she was guilty of contributory negligence as a matter of law. What proper inference or conclusion should be drawn from her testimony is a question upon which men may reasonably differ and in such a case it becomes a question of fact for the jury to decide under proper instructions. In our opinion the granting of the nonsuit in these cases was error. The exception of each plaintiff to this action of the trial justice is therefore sustained.

The only other exception before us in each case is to the action of the trial justice in striking out the plaintiff's testi-

mony to the effect that, on the evening of the accident, the defendant telephoned her, saying that "everything would be taken care of." If this statement could be properly considered in the nature of an admission of liability by the defendant, there is nothing in the plaintiff's testimony to indicate it. Even if we assume that this testimony should have been left in the record, the plaintiff gains no advantage therefrom at this time, as such testimony has no bearing upon the question of whether or not the plaintiff was in the exercise of due care under the circumstances disclosed by the evidence. We find no merit in these exceptions.

The plaintiff's exception in each case to the granting of a nonsuit is sustained. All other exceptions are overruled and each case is remitted to the superior court for a new trial.

BAKER, J., dissenting. While I am in agreement with the rules of law set out in *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co., Inc.,* 58 R. I. 451, recently decided by this court and cited in the instant cases, I am unable to agree with the majority of the court in their decision in the cases at bar, after applying such rules to the facts as disclosed by the evidence herein. In my judgment, the only proper inference to be drawn from the undisputed facts most favorable to the plaintiff Catherine F. Higginbotham is that she did not act as a person of ordinary prudence would have acted under the same circumstances, and that she was guilty of negligence which contributed to the accident. In my opinion, the trial justice was not in error in granting the defendant's motion for a nonsuit, and the plaintiff's exception should be overruled in each case.

Moss, J., concurs in the opinion of Mr. Justice Baker.
*Charles H. Eden,* for plaintiffs.
*Clifford A. Kingsley, Francis V. Reynolds,* for defendant.